IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:11-CR-511 |
| | ) | |
| v. | ) | |
| | ) | |
| JIAN-YUN DONG, | ) | |
| a/k/a John Dong, | ) | |
| GENPHAR INC., and | ) | |
| VAXIMA INC. | ) | |

### MOTION TO DISMISS
### FOR PROSECUTORIAL MISCONDUCT

NOW COME the Defendants, through counsel, and move this Court to dismiss the charges of the Third Superseding Indictment because the actions of the government before the Grand Jury infringed on the Grand Jury's ability to exercise independent judgment. In support of this motion, Defendants show as follows:

### STATEMENT OF FACTS

The Grand Jury for the District of South Carolina filed a Third Superseding Indictment on April 16, 2013 (Dkt # 281) naming three Defendants, Jian-Yun Dong, a/k/a John Dong, GenPhar, Inc., and Vaxima, Inc. The Third Superseding Indictment alleges "theft of government funds" and "embezzlement" in thirty-three counts, identified as Counts Two through Thirty-Four. Each of the Counts name John Dong, as well as either GenPhar, Inc. or Vaxima, Inc. or both.

After the indictment was issued, the defense filed a motion for discovery and inspection on September 23, 2013. In response to discovery requests, the government provided redacted grand jury transcripts to the Defendants. Following review of the redacted transcripts, and as a result of information found therein, the Defendants filed a motion to compel the production of unredacted transcripts on April 30, 2014. The court has not issued a ruling on that motion.

Nevertheless, even the redacted transcripts demonstrate a pattern of incidents before the Grand Jury in which the attorney for the government exceeded the scope of direct examination and actually provided testimony to the Grand Jury.

For example, when the prosecutor initially examined Special Agent Brian Dimler, the Grand Jury foreperson interrupted with a question. When the prosecutor resumed questioning the witnesss, the following dialogue occurred:

> Q. But this - - this is the correct date now, correct?
> A. Yes.
> Q. And you had previously given me a wrong date in your original draft of some changes…
> A. That's correct.
> Q. …because we made substantial revisions to this as a second superseding indictment, did we not, Special Agent Dimler?
> A. Yes, sir, that's correct.

Grand Jury Transcript, p. 572., lines 6-14.

The Defendant asserts that every bit of information in that exchange came from the prosecutor. Only a short time later, the prosecutor phrased a "question" in the following manner: "So the bottom line is that - - the allegations have been

there all along was that the wave bioreactor was never purchased. That is still correct." Grand Jury Transcript, p. 573.

Later, the prosecutor continued to testify: "And when you say inconsistent, what you're basically alleging here is that there was not only fraud in the application process, but there was fraud in the reporting process of the hours worked, is that correct." Grand Jury Transcript, p. 578.

One more egregious example was when the prosecutor made the following statement:

> All right. Now, Special Agent Dimler, you - - Special Agent Leonard has previously testified about how this conspiracy affected these agencies and the grand jury has previously returned an indictment charging that Genphar, Vaxima and Dr. Dong engaged in a multi-faceted conspiracy to provide - - to make false statements to the government, to make false claims, to convert property and to use the wires in furtherance of the scheme and artifice to defraud the government. I take it you would rely on those same - - that same testimony, same overall evidence to support the specific allegations that this conspiracy also involved a - - defraud the United States and its agencies by obtaining money and property through false and fraudulent statements, representations and promises, is that correct?

Grand Jury Transcript, p. 580-581.

Similarly, in examining Special Agent Leonard, the prosecutor testified again: "And that document itself, did it not contain a certification - - well it didn't say penalties of perjury, a statement that indicated that the person knew that they were supposed to fill this out, provide truthful information, and a failure to provide truthful information could subject them to civil or - - and/or criminal penalties."

Grand Jury Transcript, p. 31. And only a short time later the following exchange took place:

> Q.   Okay. So they were supposed to purchase it the first year, they didn't. The second - - they asked for a pass through to draw it down in the second year and purchase the machine, and did they submit a - - this request for reimbursement on August 19th, 2008?
> A.   Yes.
> Q.   But, in fact, they never purchased such an item.
> A.   Correct.
> Q.   And I believe you mentioned a few minutes ago this MUSC datasheet where Dr. Dong is representing that he does not have an ownership interest in Vaxima. Was the date of that datasheet submitted - - was it December 17th of 2008?
> A.   Yes.

Grand Jury Transcript, p. 37-38.

These are a few examples of the actions of the prosecutor for the government which exceeded just asking questions of a witness.

### THE INDICTMENT SHOULD BE DISMISSED BECAUSE OF PROSECUTORIAL MISCONDUCT

Although attorneys traditionally are given a degree of latitude to use leading questions on cross-examination, the prosecutor in this case crossed the line. The questions went beyond mere leading questions to actual testimony for which he sought the affirmation of the witness. This is particularly troubling given the prosecutor's unique position with and access to the Grand Jury.

A Grand Jury must have a degree of independence to fulfill its critical role in the justice system. This Court can and should act to correct this injustice. In *United States v. Hastings*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) the

Court looked at the authority of trial courts to deal with instances of prosecutorial misconduct.

> '[G]uided by considerations of justice,' *McNabb* v. *United States,* 318 U.S. 332, 341 (1943), and in the exercise of supervisory powers, federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress. The purposes underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized rights, *McNabb, supra,* at 340; *Rea* v. *United States,* 350 U.S. 214, 217 (1956); to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury, *McNabb, supra,* at 345; *Elkins* v. *United States,* 364 U.S. 206, 222 (1960); and finally, as a remedy designed to deter illegal conduct, United States v. Payner, 447 U.S. 727, 735-736, n. 8 (1980).

*Id*., 461 U.S. at 505.

Although the *Hastings* Court found the error to be harmless, the Court made clear the responsibility of a district court to use its supervisory power to ensure fairness in the judicial process.

The Court also looked at the scope of supervisory authority in *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 369, 101 L.Ed.2d 228 (1988) in which it reinforced the need for courts to exercise their supervisory authority in cases in which a defendant has been prejudiced by prosecutorial misconduct. In the case at bar, the Defendants were prejudiced by the government's presentation of unsworn testimony from the prosecutor who was in a unique position to work with the Grand Jury and explain his version of the facts from one witness to another.

The government prosecutor's inappropriate questioning was so pervasive throughout the portions of the transcript provided to the Defendants that it is impossible to determine the degree to which it influenced the Grand Jury in their decision whether to issue a true bill. If left unchallenged and unchecked by the court, this eliminates grand jurors' rights and their responsibility to examine independently facts presented by witnesses. The only appropriate remedy is to dismiss the Third Superseding Indictment. Further, because of the extent of the prosecutorial misconduct, such dismissal should be with prejudice.

## CONCLUSION

The government committed prosecutorial misconduct when the prosecutor overstepped the line by testifying to the grand jury rather than merely conducting an examination of witnesses. The Defendants were prejudiced because the independence of the Grand Jury was invaded and destroyed. For this reason, the charges in the Third Superseding Indictment should be dismissed with prejudice.

Respectfully submitted,

/s Rose Mary Parham

_____
Rose Mary Parham
Parham Law Firm, LLC
152 South McQueen Street
Florence, South Carolina 29501
(843) 407-7757
rosemaryparham@sc.rr.com
Attorney for JIAN-YUN DONG, John Dong

s/G. Wells Dickson, Jr.
**G. WELLS DICKSON, JR.**
Wells Dickson, P.A.
124 S. Academy Street
Post Office Box 819
Kingstree, South Carolina 29556
(843) 354-5519
Email:  chas@wellsdickson.com
FEDERAL IDN:  538
ATTORNEY FOR THE DEFENDANTS,
GENPHAR, INC., and VAXIMA, INC.

October 2, 2014
Florence, South Carolina