1

```
 1                IN THE DISTRICT COURT OF THE UNITED STATES
                         DISTRICT OF SOUTH CAROLINA
 2                           CHARLESTON DIVISION

 3       UNITED STATES OF AMERICA,   )         2:11-CR-511
                                     )
 4               Plaintiff           )         Charleston,
                                     )         South Carolina
 5       VS                          )         November 12, 2014
                                     )
 6       JIAN-YUN DONG, et al,       )
                                     )
 7               Defendants          )

 8                    TRANSCRIPT OF TRIAL EXCERPT
                BEFORE THE HONORABLE C. WESTON HOUCK,
 9              SENIOR UNITED STATES DISTRICT JUDGE

10       APPEARANCES:

11       For the Plaintiff:     MR. ERIC KLUMB
                                MR. NATHAN WILLIAMS
12                              Office of the United States Attorney
                                P.O. Box 978
13                              Charleston, SC 29402

14       For the Defendant:     MS. ROSE MARY PARHAM
         Jian-Yun Dong          Parham Law Office
15                              P.O. Box 1514
                                Charleston, SC 29503
16
                                MR. RUSSELL W. MACE, III
17                              Russell Mace and Associates
                                1341 44th Avenue North
18                              Suite 205
                                Myrtle Beach, SC 29577
19
         Vaxima, Inc.           G. WELLS DICKSON, JR.
20       GenPhar Inc.           Wells Dickson
                                124 S. Academy Street
21                              Kingstree, SC 29556

22       Court Reporter:        Amy C. Diaz, RPR, CRR
                                P.O. Box 835
23                              Charleston, SC 29402

24

25            Proceedings recorded by mechanical shorthand,
         Transcript produced by computer-aided transcription.
```

1
2                                    *  *  *
3              THE COURT:   Mr. Williams said you had no further
4    witnesses.
5              MR. KLUMB:   Right.  Mr. Vaughn.
6              THE COURT:   I'm sorry.  I said I'll rule on the
7    admissibility of that, and if I rule that out, then you can
8    close in the presence of the jury.
9              MR. KLUMB:   Okay.  Thank you.
10             THE COURT:   Give me just a minute.
11             MR. KLUMB:   May I supplement the record with one
12   thing?  Can I give you -- I'll give you a copy of Exhibit
13   190, which is the summary chart that contains the, I submit,
14   the true content of Mr. Vaughn's testimony that has been
15   provided before, beginning in October of '12, but this is the
16   newly revised version, just so Your Honor can see what it is
17   that the witness will be asked to introduce.
18             THE COURT:   Well, have you furnished that to the
19   defendant?
20             MR. KLUMB:   Oh, yes.
21             THE COURT:   When?
22             MR. KLUMB:   The most recent revised version was
23   yesterday.
24             THE COURT:   What about that?  My understanding from
25   you was you've heard nothing from them since October the

```
1     23rd.
2             MR. MACE:    No.  No, Judge.
3             MR. KLUMB:   I'm sorry?
4             MR. MACE:    These updates, this is either the second
5     or third update since the trial started, they have been
6     sending us these spreadsheets.
7             THE COURT:  Oh, this was given to you after the
8     trial started?
9             MR. MACE:    Yes, sir.  There was one this morning, I
10    guess, or last night.
11            MR. KLUMB:   Right.  What happened was when they
12    notified me the week before trial that they had looked
13    through their discovery materials and they didn't think that
14    they had the disk that I felt they had -- because we had
15    previously provided it to counsel -- when they notified me
16    that they didn't have that disk, I e-mailed the materials to
17    them promptly.  It may have been the next day.  And then I --
18    that was the final edition prior to trial.
19            Then I -- Mr. Vaughn worked on it over the weekend
20    in light of some of the occurrences at trial.  It was
21    revised.  In light of the Court's comments, I may revise it
22    again to make it more sanitized, less opinion, you know, in
23    light of the Court's comments, but that's -- that is a
24    different version, but it's the same type of summary that was
25    provided back in 2012, just updated.
```

1                    (Pause in proceedings.)

2                    MR. KLUMB:  Your Honor, when I said that we may be

3       revising it in light of the Court's comments, I believe to a

4       great extent that this is a summary schedule that doesn't

5       have -- it has little, if any, opinion in it.

6                    To the extent that it does have opinion, things like

7       bad debt is unallowable, there is a comment like that in the

8       schedule that you will see, I don't believe that that invades

9       the province of the jury because it's not an issue of

10      ultimate fact.  He's basically crunching numbers based on the

11      unallowability of bad debt, and he gives a citation in there,

12      as well.  And I will eliminate that entire column.  And it

13      would say, this is the category of expense, per GenPhar's

14      records, this is how GenPhar categorizes expense.  Here is an

15      NAH, or a FAR guideline to look at that you can review.  That

16      will be one of the exhibits that Your Honor suggested we

17      introduce.  And then here is the dollar amount that's

18      attributable to that category.  And then here is how much the

19      company had from nongrant-related sources per their books and

20      records.

21                   All of that, if we were to sanitize that one column,

22      would be in the nature of a summary witness more than an

23      expert opinion.  And that can be done just by scratching a

24      column, and then he does the math and that's that.  So I

25      would ask the Court to consider that alternatively.

1      THE COURT:  The Government attempts to call
2 Johnathan Vaughn as an expert witness to testify based upon
3 an undated report with unnumbered pages, and the defendant
4 objects to such testimony on the grounds that the Government
5 has not complied with Rule 16 of the Criminal Rules of Civil
6 Procedure concerning discovery and disclosure concerning this
7 so-called expert witness.
8      It seems to me very clear that the defendants have
9 requested disclosure of experts as well as disclosure of what
10 those experts will testify to.  The hearing that we had on
11 October the 23rd, 2014 clearly evidenced the defendants'
12 desire to have experts identified and to have information
13 before it that told it what those witnesses were going to
14 testify to.  I think anyone hearing that request at that
15 hearing should conclude that the defendant, though not
16 specifically referring to Rule 16, intended that the
17 information it was entitled to under Rule 16 was asked for at
18 that hearing.
19      Rule 16(a)(G) under the title "Expert Witnesses"
20 provides as follows: "At the defendant's request, the
21 Government must give to the defendant a written summary of
22 any testimony that the Government intends to use under Rules
23 702, 703 or 705 of the Federal Rules of Evidence during its
24 case-in-chief at trial.  If the Government requests discovery
25 under Subdivision (b)(1)(C)(ii) and the defendant complies,

1  the Government must, at defendant's request, give to the
2  defendant a written summary of testimony that the Government
3  intends to use under 702, 703 or 705 of the Federal Rules of
4  Evidence as evidence at trial on the issue of the defendant's
5  mental condition."  Which of course is not applicable here.
6          I frankly don't believe that the Government has
7  furnished to the defendant in a timely fashion the
8  information required by Rule 16.  We don't hear it much.  We
9  used to hear it when these rules first came out, or at least
10 when they were young, that the purpose of these discovery
11 rules was to prevent ambush and to prevent surprise at trial
12 and to bring all of the facts that justice dictated to the
13 forefront so that the jury could decide the case based on its
14 merits and not on the basis of who was the best lawyer; who
15 had the greatest surprises in store for the other side.
16         I had the privy to practice law for many years under
17 the old ambush rule and I appreciated its advantages, but I
18 also believe that there is a certain spirit to these
19 discovery rules that requires a party to approach them with
20 fairness, with honesty, and with a sincere desire to furnish
21 the information that justice dictates and the spirit of these
22 rules demand.  And I don't think in this case we've got that.
23         It may be that somehow, some way, the defendant
24 could have gotten this disk from the Government and maybe
25 they could have deciphered it and gotten some information

1  about it, who the witness was, but it seems to me after the
2  request was made at the December 23rd, 2014 hearing, the
3  burden was on the Government to comply with that Rule and to
4  comply with it promptly and completely and fairly and without
5  any questions, and they did not do it.
6          And so I think in this particular case that they
7  failed to comply with the Rule by giving adequate notice as
8  required by Rule 16 of the Federal Rules of Criminal
9  Procedure as to the calling of Johnathan Vaughn as an expert
10  witness and I grant the defendants' motion to exclude him as
11  a witness in this case.
12          MR. KLUMB:  Your Honor, then may I offer him as a
13  summary witness just based on his extraction of numbers out
14  of the company records?
15          THE COURT:  Well, we have permitted another witness
16  to testify as a nonexpert by going to these documents and
17  taking entries out that, as I said to Mr. Mace, either one of
18  us could do or either you and I could do probably.
19          MR. KLUMB:  Yes, sir.
20          THE COURT:  And if that's the case, then that
21  witness is not an expert, that witness is a nonexpert and he
22  doesn't have to be qualified.  But I'm not sure exactly what
23  he's going to do.  I understand what he did in his report and
24  I don't really run into any problem with it, except I don't
25  think you gave adequate notice.  But as far as the first

1   three or four paragraphs as to his expertise, he was acting
2   as an accountant.  It was only in that paragraph where he
3   started taking the law and putting it to the facts did he get
4   in some trouble and would have had difficulty testifying even
5   if I would have let it in.
6           But I don't know if there would be any objection to
7   that, would there be?
8           MR. MACE:  Yes, sir.
9           THE COURT:  All right.  On what grounds?
10          MR. MACE:  Judge, I believe all the documents the
11  Government's already introduced, there is no need for a
12  summation witness now to come in and basically go through --
13  there is no way he can testify without being an expert.  His
14  entire testimony, all of his knowledge of the entire case, is
15  based on the premise he's going to testify as an expert.  For
16  the Government to now proffer him as a civilian or regular
17  fact witness, I don't think it is possible for a fact witness
18  to review all these documents and come up with an opinion.
19          THE COURT:  The only thing I can tell you to do is
20  if you want him to prepare a document like that, we've got a
21  couple of days, he can prepare it, and we can look at it when
22  we get back here Wednesday, or before that.  And if you can
23  fax it to me, fax it to counsel and explain what it is, and
24  let's see what it is.  And if I think that it advances the
25  cause of truth in helping the jury decide this case, then I

1       have no problem letting it in.

2               Now, if I think it's -- the defendant is at a

3       disadvantage and they can't refute it because of this late

4       date, then that's another thing.

5               But the other thing that I notice now that I failed

6       to mention earlier is that in the October 23rd hearing,

7       Mr. Mace referred to the fact that Ms. Parham had just gotten

8       a letter, an e-mail, I guess, getting a list of witnesses

9       from the Government and there were no experts listed, and

10      Mr. Vaughn's name appeared there.  And they say they got no

11      other communication from you except these updates to the

12      trial.  And I just think that needs to be noted in the

13      record.

14              MR. KLUMB:  Your Honor, I think there is -- I think

15      the Court has possession of my e-mail of October 24th in

16      which I indicate to them that Mr. Vaughn is our expert.  I'm

17      sorry.  It's been handed to me.  Right.  What I did after

18      October 23rd, because I was not part of the case when this

19      all occurred in 2012, I went back and I asked the folks in

20      Columbia for their -- for their transmittal of the note that

21      Rule 16 notes, what we thought was the Rule 16 notes.  I

22      forwarded that on October 24th, 2014, and it included copies

23      of the expert witness disclosures identifying Vaughn as an

24      expert.

25              THE COURT:  I need to see that.  You know, I don't

1    want anybody reading me stuff off of something the sides of
2    your hand.
3           MR. KLUMB:  I'm sorry, Your Honor.
4           MR. MACE:  That is the letter that I handed up to
5    the Court earlier that they had e-mailed me on the 24th of
6    October.
7           MR. KLUMB:  Clearly identifying Vaughn as an expert
8    witness the next day.
9           And I might also add that when I provided that
10   witness list to counsel after a request that I do so, I
11   specifically said that we reserve the right to change it; not
12   that I did.
13          THE COURT:  You specifically said what?
14          MR. KLUMB:  The transmittal e-mail that included
15   the exhibit list indicated that we reserve the right to
16   change it.  And when I was asked to provide it, I --
17          THE COURT:  You don't have that right.
18          MR. KLUMB:  Okay.
19          THE COURT:  I mean, I don't know what right you are
20   reserving.  You don't have that right.  I mean, if you do it
21   in time, you do it according to the rules, fine.  If you
22   don't, you've got to get Court permission.
23          MR. KLUMB:  I repeat again, Your Honor, the day
24   after that hearing I sent them the expert witness disclosure
25   identifying Vaughn clearly as an expert.

1                    THE COURT:  I don't think I have that.
2                    Mr. Mace, I don't seem to have that.
3                    MR. KLUMB:  We can forward another one.
4                    MR. WILLIAMS:  We just sent it to the clerk.  They
5     can print it.
6                    THE COURT:  Now, I've got something here, it's --
7     the second page is blank.  It's one page.  It starts off with
8     Nathan Williams, Assistant U.S. Attorney, begin forward
9     message from, etcetera.  "Here you go.  Vaughn's report and
10    supporting spreadsheets was produced on October 11th, 2012 on
11    a separate disk."
12                   I don't think I have seen that.
13                   MR. KLUMB:  We provided Your Honor with that
14    transmittal letter.
15                   THE COURT:  "Attached are copies of the expert
16    witness disclosure notices that we previously served on your
17    predecessor counsel.  Karen, please out these on the
18    discovery log and include them wherever."
19                   MR. KLUMB:  And those attachments I believe
20    included --
21                   THE COURT:  So what you are asking me is to look at
22    this.  This is something that I haven't seen before?
23                   MR. KLUMB:  I thought actually that Mr. Mace had
24    passed up the e-mail, but I don't think there will be any
25    disagreement.  The day after the hearing, on October 23rd, I

1          provided them with the Vaughn notice of expert witness
2          disclosure and his CV.  And I referenced where the materials
3          were that had been provided two years earlier.
4                    MR. MACE:  Your Honor, Mr. Klumb sent an e-mail to
5          myself the next day, it contained an expert disclosure letter
6          regarding, I believe it's Kevin Porter, the doctor from Duke,
7          the Porter CV, the same doctor from Duke, which is just his
8          curriculum, and then the expert disclosure letter that Mark
9          Moore sent back in 2012 to James Griffin, which I think I
10         passed up to the Court, which is basically Johnathan Vaughn
11         may be offered as an expert.  It did not contain the
12         summaries that I had asked for the day before related to the
13         expert witnesses and did not contain any of the other Rule 16
14         requirements.  It was just simply the letter that Mark Moore
15         had sent out and the CVs.  There were no summaries.
16                   THE COURT:  That's the letter of October 26th, 2012?
17                   MR. MACE:  Yes, sir.  That's what's attached to
18         that letter.
19                   THE COURT:  And the DVDs it referred to in the
20         letter of October 10th?
21                   MR. MACE:  No, sir.  We did not get those DVDs at
22         that time.
23                   THE COURT:  Now, what else did you say you got other
24         than the letter?
25                   MR. MACE:  The CVs of Dr. Porter.

1          THE COURT: Oh, the CV, I'm sorry. Yeah.

2          MR. MACE: Just basically his resume, Your Honor.

3          THE COURT: Go ahead.

4          MR. KLUMB: From what I heard, they acknowledge

5     that they knew the day after they made the request in court

6     that we were offering Johnathan Vaughn as an expert.

7          THE COURT: Look, I've ruled on it. Giving his name

8     is one thing; complying with the Rule as a summary is much

9     more important. And I've ruled on it based upon the record

10    as I see it. And I don't think you complied, and I so held

11    and that's it.

12         Now, as far as this witness coming up with some

13    nonexpert document, we'll just have to see Tuesday what he

14    comes up with. If it's nonexpert, I don't know why you can't

15    use it in your closing argument. I don't know why you need

16    him, but we'll look at it then and see.

17         Anything further before we recess?

18         MR. MACE: No, sir, Judge.

19                    *****     *****     *****

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1
 2
 3     I certify that the foregoing is a correct transcript from the
 4     record of proceedings in the above-titled matter.
 5
 6
 7
 8     ---------------------------
 9
10     Amy C. Diaz, RPR, CRR              December 16, 2014
11     S/  Amy Diaz
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER